```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARL ALLEN,                                    MEMORANDUM & ORDER
                                               12-CV-4961 (KAM)(LB)
                    Plaintiff,

    -against-

CITY OF NEW YORK; JUDITH MCMAHON;
LEONARD RIENZI; ROBERT COLLINI;
DANIEL DONOVAN; WANDA DEOLIVEIRA;
LEO DUVAL; and ABC INSURANCE COS. 1-
10,

                    Defendants.
----------------------------------X
```

**MATSUMOTO**, United States District Judge:

On March 28, 2013, *pro se* plaintiff Carl Allen ("Plaintiff") filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against the City of New York ("the City") and the Richmond County District Attorney, Daniel Donovan (collectively, "Defendants"), alleging violations of his federal constitutional rights during the course of his state court criminal proceedings. (*See* ECF No. 11, Amended Complaint filed 3/28/13 ("Am. Compl.").) On November 1, 2013, Defendants filed a motion to dismiss the Amended Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 23, Motion to Dismiss filed 11/1/13 ("Mot. to Dismiss"); ECF No. 25, Defendants' Memorandum of Law filed

1

11/1/13 ("Defs.' Mem.").) The Amended Complaint is dismissed for the reasons set forth below.

**BACKGROUND**

In April 2003, Plaintiff was arrested and charged with second degree murder in Richmond County, New York. (ECF No. 1, Complaint filed 10/1/12 ("Compl.") at 2.) He was released on bail in December 2003 but was not indicted until December 2010. (*Id.*) Shortly after the indictment, Plaintiff filed a *pro se* motion challenging the District Attorney's seven-year delay in pursuing the indictment. (*see* ECF No. 1, Ex. 1, Judicial Conduct Complaint against Justice Leonard Rienzi, at 1.) Plaintiff's *pro se* motion was summarily denied by Justice Leonard Rienzi. (*See id.* at 2.) In May 2012, Plaintiff requested leave from the state trial court to pursue an unspecified appeal *in forma pauperis*. (*See* ECF No. 1, Ex. 2, Judicial Conduct Complaint against Justice Robert Collini, at 1.) Plaintiff's request was not ruled upon by presiding Justice Robert Collini, who instead forwarded Plaintiff's request to the Appellate Division. (*See id.*)

On November 2, 2012, after a jury trial, Plaintiff was convicted of murder in the second degree under New York Criminal Procedure Law ("N.Y. C.P.L.") § 125.25. (ECF No. 24, Alison Moe Declaration in Support of

2

Mot. to Dismiss filed 11/1/13 ("Moe Decl."), Ex. B, Certificate of Disposition dated 5/21/13.)[1] Plaintiff was sentenced to a term of twenty-five years to life in custody. (*Id.*) Plaintiff filed an appeal of his conviction in the New York Appellate Division, and the appeal is currently pending. (Moe Decl., Ex. C, Appellate Division Order dated 4/19/13 ("App. Div. Order").)

On October 1, 2012, while incarcerated in the Brooklyn Detention Complex, Plaintiff filed a complaint in this court, alleging the following:

(1) Throughout the course of the criminal proceedings in Richmond County, the Defendants violated Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. (Compl. at 1-9.) Specifically, Plaintiff alleges that the Richmond County state court justices who presided over his criminal proceedings improperly considered and/or ignored his motion challenging the seven-year delay of his prosecution and his request to pursue his appeal *in forma pauperis*, thereby denying his access to the courts and violating his due process and equal protection

---

[1] When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may take notice of documents incorporated by reference in the complaint, and documents that are in the public record and that are judicially noticeable. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Vasquez v. City of New York*, No. 99 Civ. 4606, 2000 WL 869492, at *1 n.1 (S.D.N.Y. June 29, 2000).

rights.[2] (*Id.* at 2-4.)

(2) Richmond County District Attorney Daniel Donovan and the assistant district attorney assigned to the state criminal proceeding, Wanda DeOliveira, "sought and obtained an indictment against [P]laintiff for murder in December of 2010" and conducted a "constitutionally deficient investigation and prosecution of [P]laintiff." (*Id.* at 2-3.) Specifically, Plaintiff alleges that DeOliveira "lied and said there was new evidence which justified the protracted delay" in his prosecution. (ECF No. 1, Ex. 3, Grievance Committee Complaint against DeOliveira ("DeOliveira Grievance"), at 2.)

(3) Plaintiff's defense counsel, Leo Duval ("Duval"), deprived him of his constitutional due process rights by failing to adopt his *pro se* motion even though his defense counsel purportedly acknowledged that the motion had merit. (Compl. at 5.)

(4) The state court justices, prosecutors, and the defense counsel in his criminal proceeding conspired to deny Plaintiff due process and equal protection under the law. (*Id.*)

(5) The City created a policy or custom under

---

[2] Plaintiff named Justice Robert Rienzi, Justice Robert Collini, and Justice Judith McMahon as defendants. (Compl. at 2-4.)

which the aforementioned alleged unconstitutional practices occurred and that the City routinely failed to train, monitor, and supervise its prosecutors regarding their constitutional duties. (*Id.* at 6-7.)

(6) Ten unidentified insurance companies, "ABC Insurance Companies 1-10" were liable for the damages caused by defense counsel and the state court justices and prosecutors in their individual capacities. (*Id.* at 5-6.)

Plaintiff sought monetary damages from Defendants and an "order for injunctive relief against Defendants and their employees from retaliating against [him] . . . or those representing him in this case." (*Id.* at 8.)

On December 26, 2012, the court dismissed Plaintiff's claims but granted leave to replead his claims in an amended complaint (ECF No. 5, Memorandum & Order Dismissing Compl. dated 12/27/12 ("12/27 Order").) On March 28, 2013, Plaintiff filed an amended complaint dropping all charges against defendants DeOliveira, McMahon, Rienzi, Collini, and the ten unidentified insurance companies, but maintaining charges against the City and District Attorney Donovan. (Am. Compl. at 1-3.) Plaintiff seeks both compensatory and punitive damages from the City and District Attorney Donovan. (*Id.*)

5

## **STANDARD OF REVIEW**

In reviewing Plaintiff's Amended Complaint, the court is mindful that "[a] document filed *pro se* is 'to be liberally construed'" and that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Moreover, at the pleadings stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Nevertheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

6

Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Even when a complaint has been dismissed, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The court, however, may dismiss without leave to amend when amendment would be futile. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

## **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege (1) that the challenged conduct was "'committed by a person acting under color of state law,'" and (2) that such conduct "'deprived [Plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)), *cert. denied*, 114 S. Ct. 2749 (1994).

## I. Plaintiff's Claims against Richmond County District Attorney Donovan

Plaintiff seeks compensatory and punitive damages against Daniel Donovan, Richmond County District Attorney (Am. Compl. at 2). As a threshold issue, to prevail on a § 1983 action, a plaintiff must allege sufficient facts demonstrating that an individual defendant was personally involved in the alleged constitutional violation. *Barrington v. Johnson*, No. 06 Civ. 2234, 2006 WL 3457816, at *1 (S.D.N.Y. Nov. 28, 2006) ("The mere fact that one defendant is the District Attorney . . . is insufficient to support a finding of personal involvement."); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991). Second, state officials are entitled to certain immunities in § 1983 actions. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). If sued in their official capacities, they are entitled to Eleventh Amendment immunity. (*Id.*) If sued in their individual capacities, they are liable only in certain, limited circumstances. Crucially, however, "[i]t is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity." *Gan*, 996 F.2d at 530 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Further, it is well established that "[a] prosecutor . . . has absolute immunity in connection with the decision whether or not to commence a prosecution." *Gan*, 996 F.2d at 530 (citing *Imbler*, 424 U.S. at 431). Thus, in order for a plaintiff to state a claim against state prosecutors in their individual capacities, it is necessary for the plaintiff to show that the officials' alleged misconduct was not intimately associated with the judicial phase of the criminal process nor simply a prosecutor's decision to commence a prosecution.

Plaintiff alleges that Donovan violated his Fourth, Sixth, and Fourteenth Amendment rights under the United States Constitution by resubmitting to the grand jury the murder charges with which Plaintiff was originally charged, but not indicted on, in 2003.[3] (Am. Compl. at 2.) Plaintiff contends that Donovan was personally involved in the violation "through his direct actions and decisions as the final and official policy maker for the Richmond County District Attorney's Office." (Am. Compl. at 3; *see* ECF No. 27, Plaintiff's Opposition to Mot. to Dismiss filed 11/1/13

---

[3] Although Plaintiff's complaint alleges only federal constitutional violations, Plaintiff also cites several New York state court cases that involve the New York speedy trial provisions, N.Y. C.P.L. §§ 30.30 and 30.20. (See Am. Compl. at 2.) The court notes that the "determination of whether [a plaintiff's] Sixth Amendment right has been violated does not depend on whether the state's speedy trial statute has been violated." *LoPizzo v. LeFevre*, 863 F. Supp. 96, 101 (E.D.N.Y. 1994).

("Pl.'s Opp.") at 2.) Even assuming, *arguendo*, that Plaintiff's conclusory allegations regarding Donovan's personal involvement in his prosecution sufficiently pleads Donovan's direct involvement in the alleged constitutional deprivation, Plaintiff fails to overcome Donovan's entitlement to absolute immunity.

Plaintiff does not provide any information that would suggest that Donovan's alleged misconduct was not intimately associated with the judicial phase of the criminal process. Indeed, Plaintiff's claim is that the District Attorney's office took too long to commence prosecution, and this is precisely the sort of action – the decision whether or not to prosecute – that is protected by absolute immunity. *Gan*, 996 F.2d at 530; *Guzman v. City of New York*, No. 10 Civ. 1048, 2010 WL 5129066, at *1-2 (S.D.N.Y. Dec. 15, 2010) (District Attorney immune from malicious prosecution suit because alleged misconduct involved exercise of discretion based on legal knowledge); *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir. 1990) (holding that prosecutor engaged in activities that are intimately associated with the judicial phase of the criminal process is entitled to absolute immunity).

Plaintiff has failed, therefore, to present any facts that would suggest that Donovan is liable for any

alleged misconduct.  Accordingly, Plaintiff's claims against Donovan are dismissed.

## II. Plaintiff's Claims against the City of New York

To state a cognizable claim for monetary relief against a municipal defendant under § 1983, Plaintiff must allege the existence of an officially adopted policy or custom that directly caused an alleged violation of constitutional rights.  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[M]ere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 678 (E.D.N.Y. 2005) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).  The alleged "custom and policy must be described with factual specificity, rather than bare and conclusory statements."  *Perez v. Metro. Transit Auth.*, No. 11 Civ. 8655, 2012 WL 1943943, at *4 (S.D.N.Y. May 29, 2012) (citing *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000), *aff'd*, 242 F.3d 367 (2d Cir. 2000) (summary order)).

In his Amended Complaint, Plaintiff claims that the City has a "practice and/or custom" of violating constitutional rights. (Am. Compl. at 2). To support this claim, Plaintiff cites several cases in which the City was determined to have violated N.Y. C.P.L. § 30.30. (*Id.* at 2.) As Defendants correctly note, however, a violation of N.Y. C.P.L. § 30.30 is not a violation of the United States Constitution. *See Yampierre v. Phillips*, No. 05-CV-2249, 2010 WL 744526, at *10 (E.D.N.Y. Mar. 1, 2010) ("[S]olely raising a § 30.30 claim does not 'fairly present' a Sixth Amendment speedy trial claim"). The cases that Plaintiff has cited do not, therefore, indicate a practice or custom of constitutional violations and therefore are irrelevant to the standard set forth in *Board of County Commissioners of Bryan County*, 520 U.S. 397 (1997). As Plaintiff offers no other evidence of the existence of an alleged municipal "practice and/or custom" of violating federal constitutional rights, he cannot be said to have provided the required factual specificity under Rule 12(b)(6).

Accordingly, Plaintiff's claims against the City of New York are dismissed.

### III. Plaintiff's Conviction

It is well established that in order to recover damages for an unconstitutional conviction or imprisonment

12

under § 1983, a plaintiff must allege and prove that the conviction or sentence has been invalidated. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also Montane v. Pettie*, No. 10-CV-4404, 2012 WL 1617713, at *3 (E.D.N.Y. May 8, 2012) (dismissing claims for malicious prosecution and speedy trial claims because plaintiff failed to demonstrate that his conviction was invalidated); *Davis v. State of New York*, No. 90 Civ. 6170, 2003 WL 1787151, at *1 (S.D.N.Y. Apr. 3, 2003) (holding that plaintiff's speedy trial claim was not cognizable under § 1983 because his conviction had not been invalidated).

Here, Plaintiff in essence contends that he was tried and convicted in violation of his Sixth Amendment right to a speedy trial. (Am. Compl. at 2.) Under *Heck*, for such a claim to be cognizable under § 1983, Plaintiff must have alleged and be capable of proving that "the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Plaintiff has not, however, made any such allegation.

Rather, Plaintiff argues that his conviction should be ruled invalid because the state court improperly allowed the District Attorney to withdraw Plaintiff's case from a grand jury and to submit the case to a second grand jury. (Pl.'s Opp. at 1-2.) This, Plaintiff argues, violated N.Y. C.P.L. § 190.75(3), and consequently the state court lacked jurisdiction under N.Y. C.P.L. § 10.20(2).[4] (*Id.*) In New York, however, "the resubmission of a grand jury charge is a state procedural issue, rather than a jurisdictional issue" and "the proper vehicle to challenge an alleged error in the re-presentation of a case to another grand jury is through direct appeal or on a motion to dismiss" the indictment. *Batista v. Walker*, No. 94 CIV. 2826, 1995 WL 453299, at *2 (S.D.N.Y. July 31, 1995).[5]

Plaintiff's argument is therefore ineffective to establish that his conviction should be rendered invalid. Moreover, this court has no power to invalidate Plaintiff's conviction in a § 1983 suit: if ruling in favor of a § 1983 plaintiff "would necessarily imply the invalidity of his

---

[4]  N.Y. C.P.L. § 190.75 (3) states: "When a charge [before a grand jury] has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury." Under N.Y. C.P.L. § 10.20(2), "[s]uperior courts have preliminary jurisdiction of all offenses, but they exercise such jurisdiction only be reason of and through the agency of their grand juries."

conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction . . . has *already* been invalidated." *Heck*, 512 U.S. at 487 (emphasis added).

Accordingly, even if Plaintiff had pled sufficient facts in his claims against Donovan and the City to survive a Rule 12(b)(6) motion to dismiss, he is barred from recovering damages under § 1983 under *Heck v. Humphrey*.

/

/

/

/

/

/

/

/

/

/

/

/

/

/

## CONCLUSION

For the foregoing reasons, the court dismisses Plaintiff's claims in their entirety for failure to state a claim under Rule 12(b)(6) and denies leave to amend on the grounds that any attempt to amend would be futile. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to enter judgment in favor of Defendants, serve a copy of this Memorandum and Order and Judgment on Plaintiff within two days of the date of this Order, note service on the docket, and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York      **/s/**
    August 27, 2014      Kiyo A. Matsumoto
                                     United States District Judge